Curia, per Butler, J.
The defendant, Coleman, was not present when Hook, his partner, traded with slaves without a permit, and there was no proof that he knew of or in any wise assented to the trading; and, so far as it appears to the Court, he occupied the position of an innocent party, convicted for the criminal acts of his co-partner. The broad ground taken for his conviction was, that one partner as the agent of the other is liable for the acts of his co-partner under the Act of 1817, whether he assented to them or not. This position cannot be sustained. No one can be held criminally liable for the acts of another, unless he participates in them, either directly or indirectly. And to hold otherwise would be to subject a good man’s will, either to an imprudent man’s inadvertency or a bad man’s design. One partner might furnish the capital and be always absent from the store in which the active partner transacts the business of the concern; illicit trading might be carried on with negroes, not only without the knowledge of the absent partner, but against his wishes and consent, and yet, according-to this, position, he might be found guilty. One may very willingly trust his pecuniary liability to the discretion and conduct of *34 another, where he would be very unwilling to make himself criminally responsible for the willful or inadvertent acts of the same man.
The plain meaning and' purport of the Act of 1817 is, that a shopkeeper may be guilty, not only by trading himself, but for trading by his clerk or agent. In the latter case the trading must be done by his assent, knowledge, or direction, and these must be generally inferrible from circumstances, as they can rarely be established by direct proof. The testimony in such cases, most usually is, general instructions to a clerk— the habit of trading in the store — and such other circumstances as indicate that the clerk acted under the direction and control of his employer. In such cases the employer cannot escape, by suffering the clerk or agent to be punished; he may also be indicted and punished.
This case has been decided by the case of the State vs. Matthew & Conner. In that case, decided May Term, 1835, Connor, the principal, had been convicted on. the Circuit, for the illicit trading of his clerk, Matthew. The Court sent the case back for a new trial, on the ground that there was not sufficient evidence to show that Conner knew anything of the trading by his clerk, contrary to the Act of 1817. Now, if the employer became liable by merely showing that the clerk was guilty, there was no necessity to send the case back, for the conviction of the clerk was allowed to stand. The true distinction was taken by Justice Earle, who tried the case on the Circuit, and by Chancellor Harper, who delivered the judgment of the Court; and that case is decisive of this.
The motion for a new trial is granted.